```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF VIRGINIA

                  Alexandria Division

Albert Tyrone Johnson,          )
         Petitioner,            )
                                )
v.                              )       1:09cv1297 (CMH/IDD)
                                )
Gene M. Johnson,                )
         Respondent.            )
```

## MEMORANDUM OPINION

Albert Tyrone Johnson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of the Virginia Department of Corrections and Virginia Parole Board's calculations of his jail credit and good conduct days, as well as the determination that his crimes were not part of a common scheme. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and two exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner filed a Motion Requesting Appointment of Counsel on May 11, 2010. Petitioner next filed a Motion for Extension of Time, which was granted for good cause shown on May 25, 2010. Petitioner filed a second Motion for Extension of Time, which was also granted for good cause shown on June 25, 2010. Petitioner's third Motion for Extension of time was filed on June 21, 2010, but will be denied as moot because Petitioner's Response to Respondent's Motion to Dismiss was filed on July 1, 2010. For the reasons that follow, Petitioner's claims must be dismissed and his Motion Requesting Appointment of Counsel must be denied.

## I. Background

In this petition for § 2254 habeas corpus relief, Albert T. Johnson ("Johnson") makes the following claims:

1. The petitioner was denied 59 years, 9 months, and 6 days of jail credit in violation of § 53.1-187 of the Code of Virginia, 1950 as amended.

2. The petitioner was denied 918 good conduct days in violation of § 53.1-202.2 of the Code of Virginia.

3. The Virginia Parole Board and the Virginia Department of Corrections failed to grant the petitioner a common scheme designation in violation of § 53.1-151 (B1) of the Code of Virginia.

4. As a result of these denials, the petitioner was denied the protection of his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

A detailed discussion of the underlying convictions for which Johnson is currently serving 98 years is not necessary because Johnson does not contest the validity of these convictions.[1] Johnson filed a state petition for a writ of habeas corpus in the Supreme Court of Virginia on June 17, 2009, claiming that the Virginia Department of Corrections erred in its calculations of his jail credits and good conduct days, that the method for common scheme determinations during discretionary parole review outlined in the Virginia Code is unconstitutional, and that his constitutional rights had thus been violated. The state petition was dismissed on August 7, 2009. Johnson v. Dir., Dep't of Corr., R. No. 091279. He filed this federal petition for a writ of habeas corpus on October 28, 2009.

---

[1] For a list of Johnson's convictions and sentences, see Va. Dep't of Corr. Sentence Summary, Resp't's Mot. to Dismiss, Ex. II Enclosure A, ECF No. 9-2.

On May 11, 2010, respondent filed a Motion to Dismiss Johnson's claims. Johnson filed a response on July 1, 2010, in which he states that "the facts and arguments for both his federal and state habeas corpus petitions are the same." Pet'r's Resp. to Resp't's Mot. to Dismiss 7, ECF No. 20. As an attachment to his response, Johnson supplied this court with a copy of the Memorandum in Support of Habeas Corpus that he filed in the Supreme Court of Virginia. After a thorough review of this document, it is clear that all of the claims in the current petition were presented to the Supreme Court of Virginia and therefore are properly exhausted as required under 28 U.S.C. § 2254. However, petitioner's claims are barred from federal review both because they are untimely and as a result of the Supreme Court of Virginia's finding of procedural default. Accordingly, this petition must be dismissed with prejudice.

## II. Statute of Limitations

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, the factual predicate of Johnson's claims could have been discovered with due diligence on February 11, 1992, at which time Johnson was notified of his jail credits and ineligibility for parole.[2] See Dep't of Corr. Div. of Audit Servs. Unif. Commitment Report, Resp't's Mot. to Dismiss, Ex. II

---

[2]Johnson argues that this reasoning would allow a defendant's constitutional rights to be violated as long as the violation occurred more than one year after he had been convicted. This argument seems to reflect a misunderstanding of why the February 11, 1992 date is determinative. This date is relevant not because of its relationship to the finality of Johnson's convictions, but because it was the first date that Johnson was notified of the jail credits he had been awarded and of the fact that he had been deemed ineligible for parole.

3

Enclosure B, ECF No. 9-2. Therefore, § 2244(d) applied as of that date. However, in the case of a habeas challenge to a conviction or decision that became final prior to the enactment of the AEDPA, the petitioner is entitled to a one-year grace period from AEDPA's effective date, April 24, 1996, in which to file his petition. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Therefore, the limitations period in this case began to run from April 24, 1996.

In calculating the one-year period, the Court must exclude the time during which properly filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Petitioner filed a state habeas petition in the Supreme Court of Virginia on June 17, 2009, which denied his petition on August 7, 2009. Petitioner filed the instant petition on October 28, 2009.[3]

Between April 24, 1996, when the grace period commenced, and June 17, 2009, the date petitioner filed his state habeas petition, 4,802 days passed. Between August 7, 2009, the date the denial of petitioner's state habeas petition became final, and October 22, 2009, the date petitioner filed his federal petition, an additional 56 days passed. When these days are combined they establish that the instant petition was filed at least 4,493 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled.

In his response to the respondent's motion to dismiss, Johnson alleges that he was unable to file his federal petition in a timely manner because he was required to file administrative appeals with VPB

---

[3]Petitioner asserts that he filed the instant petition on October 22, 2009, whereas respondent asserts that it was filed on October 28, 2009. See Pet'r's Resp. to Resp't's Mot. to Dismiss 3, ECF No. 20; Resp't's Mem. In Supp. Of Rule 5 Answer & Mot. to Dismiss 4, ECF No. 9. This Court will use the October 22 date as it is more beneficial to the petitioner.

and VDOC before filing. Pet'r's Resp. to Resp't's Mot. to Dismiss 1, ECF No. 20. Plaintiff states that VPB denied relief on November 16, 2005 and that VDOC denied relief on October 7, 2008, but offers no indication that these administrative appeals were pursued prior to 2005. Pet'r's Resp. to Order Dated March 15, 2010, ECF No. 12. Because plaintiff does not explain why thirteen years passed between the occurrence of the events upon which his claims are based and his pursuing an administrative remedy, he has failed to establish that the statute of limitations does not apply or should otherwise be tolled. Thus, this petition must be dismissed as untimely.

### III. Procedural Default

Even if petitioner's claims were timely, they are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

In the instant petition, both requirements are met. The Supreme Court of Virginia dismissed the petition because it was untimely under Virginia Code § 8.01-654(A)(2), which constitutes an independent and adequate state ground for denying relief. See O'Dell v. Netherland, 95 F.3d 1214,

and VDOC before filing. Pet'r's Resp. to Resp't's Mot. to Dismiss 1, ECF No. 20. Plaintiff states that VPB denied relief on November 16, 2005 and that VDOC denied relief on October 7, 2008, but offers no indication that these administrative appeals were pursued prior to 2005. Pet'r's Resp. to Order Dated March 15, 2010, ECF No. 12. Because plaintiff does not explain why thirteen years passed between the occurrence of the events upon which his claims are based and his pursuing an administrative remedy, he has failed to establish that the statute of limitations does not apply or should otherwise be tolled. Thus, this petition must be dismissed as untimely.

### III. Procedural Default

Even if petitioner's claims were timely, they are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

In the instant petition, both requirements are met. The Supreme Court of Virginia dismissed the petition because it was untimely under Virginia Code § 8.01-654(A)(2), which constitutes an independent and adequate state ground for denying relief. See O'Dell v. Netherland, 95 F.3d 1214,

1243 (4th Cir. 1996); Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006). Thus, federal review of Johnson's petition is precluded unless he demonstrates cause and prejudice or a fundamental miscarriage of justice. The issue of procedural default was raised in the respondent's motion to dismiss, and Johnson contends in his reply that his petition is not procedurally barred.[4] See Pet'r's Resp. 4, ECF No. 20. Johnson states that the cause for the late filing of his state habeas petition was the requirement that he exhaust his state court remedies before filing a federal habeas petition, and that the prejudice that he would suffer would be having no opportunity for a federal court to address his claims.

Johnson's explanation of the cause for the untimely filing of his state habeas corpus petition does not explain why it was not filed within the statute of limitations for state habeas corpus proceedings. Johnson argues that statute of limitations was triggered on October 7, 2008, which he offers as the date of his last administrative appeal. However, the record clearly indicates that Johnson was notified that he was ineligible for parole on February 11, 1992, at which time he was also notified of his jail credits. See Dep't of Corr. Div. of Audit Servs. Unif. Commitment Report, Resp't's Mot. to Dismiss, Ex. II Enclosure B, ECF No. 9-2. Accordingly, the requirements of § 2244(d) were clearly triggered on February 11, 1992.[5] Thus, Johnson has not demonstrated cause excusing fault for his claims, so whether he has suffered prejudice is irrelevant.[6] Because Johnson

---

[4] Johnson does not argue that dismissal due to procedural default would be a fundamental miscarriage of justice.

[5] See supra note 2 (explaining that February 11, 1992 is the date that triggered the statute of limitations).

[6] We need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that the court should not consider the issue of prejudice in the absence of cause to avoid the risk of reaching an alternative holding), cert. denied, 517 U.S.

6

has not demonstrated cause and prejudice, the petition must be dismissed with prejudice due to petitioner's procedural default.

### IV. Motion Requesting Appointment of Counsel

Also before the Court is petitioner's Motion Requesting Appointment of Counsel. There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See Pennsylvania v. Finely, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). However, a court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

In reviewing the instant petition, an evidentiary hearing does not appear necessary based on the nature of the claims presented because they are not procedurally or factually complex. Furthermore, it seems clear from the petition, subsequent motions, supporting memoranda, and response that petitioner is currently able to represent himself adequately in this matter. Therefore,

---

1171 (1996).

7

petitioner's Motion Requesting Appointment of Counsel must be denied.

## V. Conclusion

For the above stated reasons, respondent's Motion to Dismiss will be granted, this petition will be dismissed with prejudice, and petitioner's Motion Requesting Appointment of Counsel will be denied. An appropriate Order shall issue.

Entered this 12th day of January 2011.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia